**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ESSIE D. HOPKINS, #01913000,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:17-CV-2915-C-BK** |
| | § | |
| | § | |
| **LAW OFFICE OF SHASTA R. BROWN,** | § | |
| **ESQ., et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

On October 10, 2017, Plaintiff, a state inmate, filed a *pro se* complaint on the prisoner's civil rights complaint form, naming as defendants Shasta R Brown, Esq., Wynthia J. Cheatum, Esq., Audrey Moorehead, Esq., the Dallas Chief of Police, and Dallas Police Officer David O. Brown. Doc. 1 at 1, 3. Plaintiff's claims against Shasta Brown, Cheatum, and Moorehead apparently stem from a wrongful death action on behalf of his mother's estate. Doc. 1 at 4. In answer to the magistrate judge's questionnaire, Plaintiff confirms his mother passed away in February 2016, following an automobile accident that occurred in December 2015. Doc. 9 at 2. He avers that Defendant Shasta Brown is handling the wrongful death action, Defendant Cheatum is handling the probate matters, and Defendant Moorehead is representing Plaintiff's brother in the probate proceedings. Doc. 9 at 2-3. Regarding former Chief of Police Brown,

Plaintiff alleges he twice failed to respond to an unspecified "complaint," which Plaintiff had mailed to him. Doc. 1 at 3; Doc. 9 at 7.[1]  As relief, Plaintiff seeks to have the wrongful death action concluded.  He also requests half of the estate proceeds and damages against each of the defendants.  Doc. 1 at 4.

## II. ANALYSIS

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must

---

[1] In answer to the questionnaire, Plaintiff affirms that he was unaware that Officer Brown and the Chief of Police are the same person.  Doc. 9 at 7.

be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff

has not alleged facts that could be construed to allege federal question or diversity jurisdiction.

The complaint plainly fails to present a federal cause of action.  Rather, Plaintiff alleges

at most state common law claims of legal malpractice against Defendants Shasta Brown,

Cheatum, and Moorehead.  Doc. 1 at 4; Doc. 9 at 4-6.  Plaintiff asserts that Attorney Brown has

been waiting for an expert since July 2016, purportedly delaying the resolution of the wrongful

death action, and that she allegedly refused to advance him money for personal hygiene and food

expenses.  Doc. 9 at 4.  Plaintiff avers that Cheatum failed to respond to Shasta Brown regarding

a medical specialist, and that Moorehead declined to respond to Plaintiff's letters after advancing

him $45 in mid-2016.  Doc. 9 at 5-6.  And while the allegations in the complaint are made on the

form provided for filing civil rights actions, Plaintiff cannot satisfy the requirement of 42 U.S.C.

§ 1983 that the alleged acts and/or omissions of the three attorneys occurred under color of state

law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to pursue a claim under 42 U.S.C. § 1983, a

plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the

United States; and (2) that the deprivation was caused by one acting under color of state or law).

As to former Chief of Police Brown, Plaintiff merely alleges that he did not acknowledge

or respond to an unspecified "complaint" that Plaintiff twice mailed to him over six months prior

to filing this action.  Doc. 1 at 3.  In answer to the questionnaire, Plaintiff avers that former Chief

Brown "failed to act with respect to his claim" and that he "participated in the cruel [and]

unusual punishment acts from the attorney . . . ."  Doc. 9 at 7. [2]  However, Plaintiff does not

identify any specific facts about what constitutional right Defendant Brown allegedly violated in

---

[2] In answer to the questionnaire, Plaintiff avers that he was unaware that the Chief of Police and
David O. Brown were the same person.  Doc. 9 at 7.

failing to respond to his unspecified complaint. *See West,* 487 U.S. at 48 (to pursue a claim under section 1983, a plaintiff must allege a constitutional deprivation under color of state law).

"[T]he 'pleading of federal jurisdiction requires more than a simple allegation that jurisdiction exists or citation of a federal statute ... [it requires] that the complaint clearly set out the basic facts necessary to support the conclusion' that federal jurisdiction does in fact exist." *Gilbeaux v. Univ. of Texas Med. Branch,* 42 F.Supp.2d 637, 641 (E.D. Tex. 1998) (citation to a federal statute in the heading of a court designed complaint form was not sufficient to invoke federal jurisdiction) (quoting *Fountain v. New Orleans Pub. Serv., Inc.,* 265 F. Supp. 630, 632 (D.C.La.1967)). Here, the face of Plaintiff's complaint, as supplemented by the answers to the questionnaire, does not set out the basic facts necessary to show reliance on a federal right. Accordingly, Plaintiff has failed to show that federal question jurisdiction exists in this case.

Moreover, to the extent Plaintiff relies on diversity of jurisdiction, his claim fares no better. Based on the information supplied by Plaintiff, he is a Texas resident and shares the same state of citizenship as the Defendants named in the complaint. Doc. 1 at 3. *See Corfield v. Dallas Glen Hills LP,* 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted).

Therefore, this action should be dismissed *sua sponte* without prejudice for lack of subject matter jurisdiction.[3]

---

[3] Since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims if any. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish that his claims could not be construed to state federal question or diversity jurisdiction. Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's complaint be summarily **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SIGNED** November 28, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE